**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| Erik Landsverk,<br><br>Plaintiff,<br><br>v.<br><br>Unum Life Insurance Company of America,<br><br>Defendant | Case No. 24-CV-3987 (SRN/EMB)<br><br>**ORDER** |

Denise Yegge Tataryn, Nolan Thompson Leighton & Tataryn PLC, 12301 Whitewater Dr., Ste. 80, Minnetonka, MN 55343, for Plaintiff

Ann-Martha Andrews, Maynard Nexsen, PC, 2025 N. 3rd St., Ste. B300, Phoenix, AZ 85004; Byrne J. Decker, Maynard Nexsen, PC, 41 Hutchins Dr., Ste Building 3, 1st Fl., Portland, ME 04102, and Jordan Vassel, Maynard Nexsen, PC, 120 S. 6th St., Ste. 23rd Fl., Minneapolis, MN 55402, for Defendant

---

Before the Court is a September 16, 2026 letter filed by Plaintiff's counsel, Denise Tataryn [Doc. No. 51], with the Court's permission.

The hearing on the parties' pending cross-motions for summary judgment is scheduled for tomorrow, September 17, 2026. Briefing on the parties' cross-motions closed on September 11, 2026, when reply briefs were due. However, on September 14, 2026, Unum filed the Second Nick Hixson Declaration [Doc. No. 50], as well as a document titled Supplemental Exhibit in Support of Defendant Unum's Rule 52 Motion [Doc. No. 50-2], and an attached exhibit, which is an agreement between Unum and University of Minnesota Physicians ("UMP Agreement") [Doc. No. 50-1]. As an

explanation, Unum stated that Plaintiff had submitted an exhibit with his reply brief and had "never disclosed this document (a letter sent during litigation) as a document that he might use to support his claims." (Supp'l Ex. [Doc. No. 50-2].)

Unum did not seek leave of Court to file these materials. Moreover, Plaintiff disputes Unum's characterization of the "non-disclosed" exhibit that Plaintiff submitted with his reply, asserting that Plaintiff's exhibit was a letter that Unum's own counsel received, as a copy recipient, during this litigation, and Plaintiff offered it with his reply brief only to rebut new evidence that Unum first introduced in its summary judgment opposition memorandum.

In contrast, Plaintiff argues, Unum did not disclose the recently-filed UMP Agreement at any time during the claim process or in its initial disclosures. Plaintiff states that a party that fails to disclose information required by Federal Rule of Civil Procedure 26(a) or (e), "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Plaintiff further notes that the UMP Agreement is undated, unsigned, and appears to be incomplete. Because the hearing on the cross-motions for summary judgment is tomorrow, Plaintiff requests that the Court strike the UMP Agreement and Second Hixson Declaration, or provide Plaintiff an opportunity to respond.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**

1. Plaintiff's letter request [Doc. No. 51] is **GRANTED in part**, and **DEFERRED**

**in part**.

a. Plaintiff may file a sur-reply, not to exceed five pages, within seven days of the September 17, 2026 hearing, limited to the UMP Agreement and the Second Hixson Declaration.

b. The Court defers ruling on Plaintiff's alternative request to strike the UMP Agreement and the Second Hixson Declaration.

Dated: September 16, 2026

s/Susan Richard Nelson
Susan Richard Nelson
United States District Judge